UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JACQUELINE D. BAVIER,   Case No.: 19-cv-00943 (JS) (AYS)

                Plaintiff,

  -against-

HOFSTRA UNIVERSITY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANT HOFSTRA UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Domenique Camacho Moran, Esq.
FARRELL FRITZ, P.C.
*Attorneys for Defendant*
400 RXR Plaza
Uniondale, New York 11556
(516) 227-0700

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ............................................................................................................................... 3

POINT I

    THE LEGAL STANDARD ............................................................................................. 3

POINT II

    PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM  FAILS AS A
    MATTER OF LAW ........................................................................................................ 4

CONCLUSION............................................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986)..................................................................................................................4

*Bamba v. Fenton*,
 758 F. App'x 8 (2d Cir. 2018) ................................................................................................4, 5

*Felton v. New York Post*,
 No. 90 CIV 2254 (LBS), 1990 WL 113176 (S.D.N.Y. Aug. 2, 1990), *aff'd*,
 930 F.2d 908 (2d Cir. 1991)......................................................................................................5

*Gonzalez v. Legends Hospitality*,
 14-CV-6478 (DLI)(RER), 2017 WL 1166344 (E.D.N.Y. Mar. 27, 2017) .................................5

*Johnson v. Al Tech Specialties Steel Corp.*,
 731 F.2d 143 (2d Cir. 1984).......................................................................................................4

*Matsushita Elec. Indus. v. Zenith Radio Corp.*,
 475 U.S. 574 (1986)..................................................................................................................3

*Rasmussen v. Sigma Corp. of Am.*,
 27 F. Supp. 2d 388 (E.D.N.Y. 1998) .........................................................................................4

*Williams v. Chertoff*,
 No. 06-CV-3847(NGG)(LB), 2008 WL 2001897 (E.D.N.Y. May 8, 2008) ....................4, 5, 6

**Statutes**

29 C.F.R. § 1601.7(b) ....................................................................................................................5, 6

42 U.S.C. § 12101 ..............................................................................................................................1

42 U.S.C. § 2000e-5(f)(1)..................................................................................................................4

Federal Rules of Civil Procedure 56(c) .............................................................................................3

Defendant Hofstra University submits this Memorandum of Law in Support of its Motion for Summary Judgment dismissing with prejudice Jacqueline Bavier's Amended Complaint alleging that Hofstra University violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.* (the "ADA").

## PRELIMINARY STATEMENT

Jacqueline Bavier claims that Hofstra discriminated and retaliated against her in violation of the Americans with Disabilities Act. The record evidence demonstrates that in fact Hofstra continually engaged in the interactive process, making every effort to accommodate Ms. Bavier's alleged disability and that Hofstra's decision to terminate Ms. Bavier's employment was based legitimately on student complaints that she had engaged in inappropriate conduct. But before litigating the merits of Ms. Bavier's claims, the Court must review the timeliness of her suit.

Under the Americans with Disabilities Act, Jacqueline Bavier had 300 days from when the alleged discrimination took place to file a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). She did. When the EEOC adopted the New York State Division of Human Rights' determination that Hofstra had not discriminated or retaliated against her and issued a Notice of Right to Sue, Ms. Bavier had 90 days to file a lawsuit in federal court. She did not. Instead, she waited 358 days. Ms. Bavier's only excuse – she moved and failed to tell the EEOC. The law is clear: Ms. Bavier was required to apprise the EEOC of any, and all, address changes. Ms. Bavier admits she ignored her obligation. Plaintiff's failure to keep the EEOC apprised of her mailing address is not an excuse the law recognizes.

Here, the EEOC mailed a Right to Sue letter to the only address Ms. Bavier provided. The 90-day window to file a civil action came and went. For this reason alone, Ms. Bavier's claims are untimely and must be dismissed.

## **STATEMENT OF FACTS**

Hofstra hired Jacqueline Bavier as a Resident Director in August 2014, a position that required her to live in the student dormitories. *See Declaration of Domenique Camacho Moran in Support of Defendant Hofstra University's Motion for Summary Judgment (hereinafter "Moran Decl."), Ex. A*. Before move-in, Ms. Bavier asked that her dog, "Lady," be allowed to live with her. While Hofstra does not permit pets, Ms. Bavier submitted a note indicating she needed an "emotional support…therapy dog" within her residence on campus. *See Moran Decl., Ex. G*. Hofstra agreed to the request asking only that Ms. Bavier review, sign, and comply with an Assistance Animal Agreement. Although she signed the agreement on September 19, 2014, Ms. Bavier subsequently initiated numerous conversations regarding the requested accommodation. *Moran Decl., Ex. B at 182:21-25*.

Shortly before the academic year began in September 2016, Hofstra received a serious student complaint regarding Ms. Bavier's conduct as a Resident Director. After reviewing the facts, Hofstra terminated Ms. Bavier's employment on August 31, 2016, just prior to the start of the school semester, for legitimate business reasons.

Soon thereafter, Ms. Bavier left New York and moved permanently to Texas. Nine months later, represented by a lawyer in New York, Ms. Bavier filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") and the EEOC alleging discrimination and retaliation in violation of the Americans with Disabilities Act. *Moran Decl., Ex. A*.

After a thorough investigation, the NYSDHR concluded on December 29, 2017, that Hofstra had neither discriminated nor retaliated against Ms. Bavier. *56.1 ¶¶ 5-6*. Specifically, the NYSDHR found that Hofstra "continually engaged Complainant for the purposes of learning about any unequal treatment and for any accommodations Complainant may have needed in the

2

workplace" and that any delays in "accommodating" Ms. Bavier were because she "stalled the interactive process." *Moran Decl., Ex. E at 3*. Moreover, the NYSDHR found Hofstra terminated Ms. Bavier "because of egregious violations of school policy as Resident Director." *Id.* Accordingly, the NYSDHR "determined that there [was] NO PROBABLE CAUSE to believe that [Hofstra had] engaged in… the unlawful discriminatory practice complained of." *Id. at 1*; *see also* 56.1 ¶ 6. The EEOC adopted the Division's findings and issued a Notice of Right to Sue on February 22, 2018. *56.1 ¶ 7.*[1]

Unbeknownst to the EEOC, between the time when she filed her charge of discrimination on June 15, 2017 and when the Notice of Right to Sue was issued, Ms. Bavier relocated. *56.1 ¶¶ 2-3*. Ms. Bavier did not provide notice to the EEOC that her mailing address had changed. *56.1 ¶ 4*. Almost a year later, Ms. Bavier requested another copy of the Notice of Right to Sue and filed the instant action on February 15, 2019. *56.1 ¶ 9.*

## ARGUMENT

### POINT I

### THE LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." The nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the plaintiff must present

---

[1] Although the record establishes no evidence of discrimination, Hofstra acknowledges that an issue of fact may exist regarding the alleged discrimination. Notwithstanding same, summary judgment is proper because the Complaint was untimely filed.

3

"concrete evidence from which a reasonable juror could return a verdict in [her] favor." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Evidence that is merely colorable, conclusory, or speculative is insufficient to defeat Defendant's motion for summary judgment. *See id.* at 250-51.

Here, the record reflects that there is no genuine issue of material fact meriting a trial of this case; thus, summary judgment should be granted and Plaintiff's claims should be dismissed.

## POINT II

### PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM FAILS AS A MATTER OF LAW

Plaintiff's claim must be dismissed because the action was not filed within the requisite 90-day limitations period. As a prerequisite to filing a claim under the ADA, a plaintiff must comply with the timing requirements set out in 42 U.S.C. § 2000e-5(f)(1). The statute requires, in relevant part, that an aggrieved party file any civil action within ninety (90) days after a Right to Sue Letter is issued by the EEOC. 42 U.S.C. § 2000e-5(f)(1). Courts have repeatedly held that a plaintiff's "***failure to commence*** an action within ninety days . . . ***precludes an action in federal court***." *See Williams v. Chertoff*, No. 06-CV-3847(NGG)(LB), 2008 WL 2001897, at *2 (E.D.N.Y. May 8, 2008) (emphasis added); *see also Bamba v. Fenton*, 758 F. App'x 8, 10 (2d Cir. 2018); *Rasmussen v. Sigma Corp. of Am.*, 27 F. Supp. 2d 388, 391-92 (E.D.N.Y. 1998). The Second Circuit has strictly construed this 90-day limitations period. *See Bamba*, 758 F. App'x at 10; *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984). "Discrimination actions brought even a few days after the expiration of the ninety-day period should generally be dismissed." *Williams*, 2008 WL 2001897 at *3.

Here, the EEOC issued the Right to Sue Letter on ***February 22, 2018*** and mailed the Right to Sue Letter to Ms. Bavier at the address she provided. *56.1 ¶¶ 2, 7*. Plaintiff did not file suit

4

within the 90-day limitations period specified in the Right to Sue Letter, *i.e.,* on or before May 23, 2018.  Almost one full year later, on February 15, 2019, Ms. Bavier filed the instant complaint against Hofstra University.  *56.1 ¶ 9*.  In her allegations, Ms. Bavier offered no excuse for the delay between the date when the Right to Sue Letter was issued and the date on which she commenced litigation.  During discovery, however, Ms. Bavier provided sworn testimony regarding the delay.  Simply put, Ms. Bavier claims she did not receive the February 22, 2018 Right to Sue Letter.  She further testified that the EEOC sent the Right to Sue Letter to the Texas address where Ms. Bavier resided in June 2017 when she filed her Charge of Discrimination.  *See Moran Decl., Ex. A*.  When she moved in August 2017, Ms. Bavier never notified the EEOC.  *56.1 ¶¶ 3-4*.  Ms. Bavier's failure to provide an updated address does not toll her time to file suit or excuse her failure to comply with the 90-day limitations period.

      Courts have repeatedly held that only in "*rare* and *exceptional circumstances* where a party is prevented in '*some extraordinary way*' from exercising [her] rights" may the 90-day limitations period be equitably tolled.  *See Williams*, 2008 WL 2001897 at *3 (internal citations omitted) (emphasis added); *see also Bamba*, 758 F. App'x at 10.  Ms. Bavier's failure to notify the EEOC of her change of address ***is not*** a rare or extraordinary circumstance warranting tolling.  *See Williams*, 2008 WL 2001897 at *6; *Felton v. New York Post*, No. 90 CIV 2254 (LBS), 1990 WL 113176, at * 2 (S.D.N.Y. Aug. 2, 1990), *aff'd*, 930 F.2d 908 (2d Cir. 1991).  The law is unequivocal: "[t]he person claiming to be aggrieved has the responsibility to provide the [EEOC] with notice of any change in address." 29 C.F.R. § 1601.7(b); *see Gonzalez v. Legends Hospitality*, 14-CV-6478 (DLI)(RER), 2017 WL 1166344, at * 4 (E.D.N.Y. Mar. 27, 2017) ("it is well established that non-receipt of a right-to-sue letter because of a change of address about which the EEOC was not informed is not an event beyond plaintiff's control," and therefore equitable tolling

5

was not proper). Additionally, as in this case, when "a plaintiff does not receive a right-to-sue letter due to his or her failure to inform the EEOC of a change in address and thereafter files an untimely civil complaint, the complaint *must* be dismissed." *See Williams*, 2008 WL 2001897 at *6 (emphasis added).

Ms. Bavier was required to notify the EEOC of her change of address. *See* 29 C.F.R. § 1601.7(b). There is no dispute - Plaintiff did not notify the EEOC that she had moved. *56.1 ¶ 4*. In this circumstance, Plaintiff's failure to timely file is neither the *"rare"* nor *"exceptional"* circumstance" that warrants equitable tolling. *See Williams*, 2008 WL 2001897 at *6 (emphasis added).

Having failed to file the Complaint within the 90-day limitations period, Ms. Bavier's Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Hofstra University respectfully requests that the Court grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's Complaint in its entirety.

Dated: May 5, 2021

>Respectfully submitted,
>
>FARRELL FRITZ, P.C.
>
>By: /s/ *Domenique Camacho Moran*
>Domenique Camacho Moran
>Irene Zoupaniotis
>Jana A. Schwartz
>*Attorneys for Defendant*
>400 RXR Plaza
>Uniondale, New York 11556
>Tel.: (516) 227-0700

6

FF\9302209.11