UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JACQUELINE D. BAVIER,

                   Plaintiff,

                                    MEMORANDUM & ORDER
       -against-                     19-CV-0943(JS)(AYS)

HOFSTRA UNIVERSITY; and EVELYN
MILLER-SUBER, Individually,

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:           Jessenia Maldonado, Esq.
                        Junou Odige, Esq.
                        The Law Office of Yuriy Moshes, P.C.
                        517 Brighton Beach Avenue, Second Floor
                        Brooklyn, New York  11235

For Defendants:          Domenique Camacho Moran, Esq.
                        Farrell Fritz, P.C.
                        400 RXR Plaza
                        Uniondale, New York  11556

SEYBERT, District Judge:

        On February 15, 2019, Jacqueline D. Bavier ("Plaintiff")

commenced this action against Hofstra University ("Hofstra") and

Evelyn Miller-Suber (together with Hofstra, "Defendants") pursuant

to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101,

et seq. ("ADA") and the New York State Human Rights Law, New York

State Executive Law § 296, et seq. ("NYSHRL"), following her

termination as an employee with Hofstra.  Pending before the Court

is Defendants' motion for summary judgment.  (Mot., ECF No. 35;

Support Memo, ECF No. 35-10; Opp'n, ECF No. 38; Reply, ECF No.

39.)  For the following reasons, Defendants' motion is GRANTED.

BACKGROUND[1]

Plaintiff worked at Hofstra as a Resident Director from August 2014 to August 2016, when Hofstra terminated her employment.

On June 15, 2017, Plaintiff filed a verified complaint against Hofstra with the New York State Division of Human Rights ("NYSDHR"), alleging unlawful discrimination by Hofstra and several of its employees (the "Verified Complaint"). (Defs. 56.1 Stmt. ¶ 1; NYSDHR Verified Compl., Ex. P-B.)  The NYSDHR forwarded Plaintiff's Verified Complaint to the Equal Employment Opportunity Commission ("EEOC"), and on July 13, 2017, Plaintiff received a Notice Letter from the EEOC advising her of her federal rights pursuant to the ADA. (Pl. Counterstmt. ¶ 1; EEOC Notice Ltr., Ex.

---

[1] Unless otherwise indicated, the facts are taken from Defendants' Local Rule 56.1 Statement (Defendants' Rule 56.1 Statement of Material Facts ("Defs. 56.1 Stmt."), ECF No. 35-9), and Plaintiff's Local Rule 56.1 Counterstatement of Material Facts (Plaintiff's Counterstatement of Material Facts ("Pl. 56.1 Counterstmt."), ECF No. 36).  Unless otherwise stated, a standalone citation to a Local Rule 56.1 Statement or Counterstatement denotes that either the parties agree or the Court has determined that the underlying factual allegation is undisputed.  Citation to a party's Local Rule 56.1 Statement or Counterstatement incorporates by reference the documents cited therein.

Defendants' exhibits, which are attached to the Declaration of Domenique Moran (see ECF No. 35-1), are identified by letters. Plaintiff's exhibits, which are attached to the Declaration of Jessenia Maldonado (see ECF No. 37), are similarly identified by letters.  For ease of citation and to distinguish the parties' respective exhibits, the Court will cite to the Defendants' exhibits as "Ex. D-[X]" and to Plaintiff's exhibits as "Ex. P-[X]".

P-C.)  Plaintiff filed her Verified Complaint through her former counsel at Dell & Dean.  (Pl. Counterstmt. ¶ 1.)

In the Verified Complaint, Plaintiff identified her mailing address as 4101 E. Rancier Avenue, Apt. 1104, Killeen, TX 76543 (the "Rancier Avenue Address").  (Defs. 56.1 Stmt. ¶ 2; NYSDHR Verified Compl. at 3.)  The EEOC addressed its Notice Letter to Plaintiff at the Rancier Avenue Address.  (EEOC Notice Ltr. at 1.)  Plaintiff's former counsel also provided its address to the NYSDHR, and the EEOC copied Plaintiff's former counsel on the Notice Letter.  (NYSDHR Verified Compl. at 11; EEOC Notice Ltr. at 2.)  However, sometime in August 2017, Plaintiff moved to 1305 Elia Street, Killeen, TX 76541.  (Defs. 56.1 Stmt. ¶ 3.)  It is undisputed that Plaintiff never updated her address with the NYSDHR or the EEOC, although Plaintiff testified that she informed her former counsel of the move.  (Id. ¶ 4; Pl. Counterstmt. ¶ 4.)

On or about December 29, 2017, the NYSDHR dismissed Plaintiff's Verified Complaint, finding that there was no probable cause to believe that Defendants had engaged in the alleged unlawful discriminatory conduct.  (Defs. 56.1 Stmt. ¶ 6.)  On February 22, 2018, the EEOC adopted the findings of the NYSDHR and dismissed Plaintiff's charges, advising Plaintiff that she must file any lawsuit within ninety days of receipt of the dismissal and right-to-sue letter.  (Id. ¶ 7-8.)  The dismissal and right-to-sue letter were mailed to the Rancier Avenue Address that

Plaintiff had provided to the NYSDHR and the EEOC.  (Id. ¶ 7).
Because she had moved, however, Plaintiff asserts that she never
received the right-to-sue letter.  (Pl. Counterstmt. ¶ 7.)   On
March 8, 2018, the right-to-sue letter was returned to the EEOC as
"return to sender, not deliverable as addressed, unable to
forward."  (Id.)

On February 15, 2019, the EEOC wrote to Plaintiff's
former counsel to acknowledge that Plaintiff never received a copy
of the right-to-sue letter.  (Id. ¶ 12.)  That same day, Plaintiff
filed the instant action.  (Compl., ECF No. 1.)  Plaintiff filed
an amended complaint on April 29, 2019.  (Am. Compl., ECF No. 14.)

The parties completed discovery, and Defendants filed a
pre-motion conference letter seeking leave to file a motion for
summary judgment.  The Court granted Defendants leave, resulting
in the instant motion practice.

DISCUSSION

I.   Legal Standard

Summary judgment is appropriate where there is "no
genuine dispute as to any material fact and the movant is entitled
to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "Material
facts are those which might affect the outcome of the suit under
the governing law, and a dispute is genuine if the evidence is
such that a reasonable jury could return a verdict for the
nonmoving party."  Wagner v. Chiari & Ilecki, LLP, 973 F.3d 154,

164 (2d Cir. 2020) (quoting Coppola v. Bear Stearns & Co., 499 F.3d 144, 148 (2d Cir. 2007)) (internal quotation marks omitted). The movant bears the burden of establishing that there are no genuine issues of material fact in dispute.  CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial," as Plaintiff does here, "the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).

On a motion for summary judgment the Court considers the "pleadings, deposition testimony, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011).  In reviewing the record, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Sheet Metal Workers' Nat'l Pension Fund v. Vadaris Tech. Inc., No. 13-CV-5286, 2015 WL 6449420, at *2 (E.D.N.Y. Oct. 23, 2015) (quoting McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997)).

II.  <u>Analysis</u>

    A.  <u>Plaintiff's ADA Claim is Untimely</u>

        1.  <u>Applicable Law</u>

"The ADA prohibits employment discrimination based on disability, and incorporates the enforcement powers, remedies, and procedures of Title VII of the Civil Rights Act of 1964." <u>Brown v. JPMorgan Chase Bank, N.A.</u>, No. 12-CV-0544, 2012 WL 6731610, at *3 (E.D.N.Y. Nov. 29, 2012) (citing 42 U.S.C. § 12117).  "Under the ADA, a claim must be filed with the EEOC in New York within 300 days of the alleged unlawful employment practice or challenged discriminatory act." <u>Id.</u> (citing 42 U.S.C. § 2000e-5(e)(1)); <u>see also</u> <u>Predun v. Shoreham-Wading River Sch. Dist.</u>, 489 F. Supp. 2d 223, 227 (E.D.N.Y. 2007).  Moreover, an action raising claims under the ADA must be filed within ninety days of receiving a right-to-sue letter from the EEOC.  <u>See</u> 42 U.S.C. § 2000e-5(f)(1); <u>Tiberio v. Allergy Asthma Immunology of Rochester</u>, 664 F.3d 35, 37 (2d Cir. 2011); <u>Bamba v. Fenton</u>, 758 F. App'x 8, 10 (2d Cir. 2018) (same for Title VII).  The ninety-day rule "has been strictly construed by the courts in this circuit." <u>Williams v. Chertoff</u>, No. 06-CV-3847, 2008 WL 2001897, at *2 (E.D.N.Y. May 8, 2008) (citations omitted).  Further, "[t]he person claiming to be aggrieved," <u>i.e.</u>, the plaintiff, "has the responsibility to provide the [EEOC] with notice of any change in contact information so that the [EEOC] may communicate with him or her during the

[EEOC]'s consideration of the charge."  29 C.F.R. § 1601.7; <u>St. Louis v. Alverno Coll.</u>, 744 F.2d 1314, 1316 (7th Cir. 1984) ("Since 1977 people who have filed charges with the EEOC have been required to notify the Commission of any change of address.").

Nevertheless, the ninety-day period "is not jurisdictional but rather is a statute of limitations and thus subject to equitable tolling." <u>Williams</u>, 2008 WL 2001897, at *3 (citing <u>Johnson v. Al Tech Specialties Steel Corp.</u>, 731 F.2d 143, 146 (2d Cir. 1984)).  Equitable tolling is only appropriate in "rare and exceptional circumstances." <u>Bamba</u>, 758 F. App'x at 10 (quoting <u>Zerilli-Edelglass v. N.Y.C. Transit Auth.</u>, 333 F.3d 74, 80 (2d Cir. 2003)).  The plaintiff bears the burden of demonstrating that equitable tolling is appropriate.  <u>Id.</u> at 10-11 (citing <u>Boos v. Runyon</u>, 201 F.3d 178, 185 (2d Cir. 2000)).

B.   <u>Application</u>

The Court finds that Defendants are entitled to summary judgment, because Plaintiff failed to timely file this ADA action within the required ninety-day window.  Generally speaking, Plaintiff is correct that her <u>receipt</u> of the right-to-sue letter starts the ninety-day clock.  <u>Tiberio</u>, 664 F.3d at 37.  However, it is well settled that where the plaintiff "does not receive a right-to-sue letter due to his or her failure to inform the EEOC of a change in address and thereafter files an untimely civil complaint, the complaint must be dismissed." <u>Williams</u>, 2008 WL

2001897, at *6; Felton v. New York Post, No. 90-CV-2254, 1990 WL 113176, at *2 (S.D.N.Y. Aug. 2, 1990) ("[I]it is well established that non-receipt of a right-to-sue letter because of a change of address about which the EEOC was not informed is not an event beyond a plaintiff's control."), aff'd, 930 F.2d 908 (2d Cir. 1991); Banks v. Metro-N. Commuter R.R., No. 97-CV-1601, 1998 WL 312237, at *3 (S.D.N.Y. June 12, 1998) ("If the complainant does not receive the right-to-sue letter due to a failure to inform the EEOC of a change in address and thereafter files an untimely civil complaint, the complaint must be dismissed."); Gonzalez v. Legends Hosp., No. 14-CV-6478, 2017 WL 1166344, at *5 (E.D.N.Y. Mar. 27, 2017).  Circuit courts throughout the country have arrived at the same conclusion.  See St. Louis v. Alverno College, 744 F.2d 1314, 1316 (7th Cir. 1984); Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 120-21 (1st Cir. 2009); Lewis v. Conners Steel Co., 673 F.2d 1240, 1243 (11th Cir. 1982); see also Fields v. Hoerner Waldorf Corp., No. 80-CV-0079, 1980 WL 4662, at *1 (N.D. Ala. Dec. 1, 1980) ("The plaintiff changed residences repeatedly during this crucial time period and by his own testimony did nothing to insure that the EEOC knew his whereabouts.  The court is, therefore, of the opinion that plaintiff's own delay caused his failure to file the present complaint within 90 days from receipt of his right-to-sue letter.").

Here, it is undisputed that Plaintiff failed to provide the EEOC with her updated address, resulting in her non-receipt of the right-to-sue letter. Further, because Plaintiff did not receive the right-to-sue letter due to her own failure to update her address with the EEOC, equitable tolling is not warranted here. Gonzalez, 2017 WL 1166344, at *5 ("[A]s Plaintiff allegedly did not receive the right-to-sue letter because of his own failure to update the EEOC, equitable tolling is not warranted here."); Williams, 2008 WL 2001897, at *5-7 (where the plaintiff did not notify EEOC of his change in address, finding equitable tolling not warranted, and concluding there was no triable issue of fact regarding the plaintiff's untimely complaint); Felton v. New York Post, 1990 WL 113176, at *2 (granting the defendant's summary judgment motion where the plaintiff's failure to notify the EEOC of his change of address and "prolonged absence" "conclusively demonstrate[d] that [the plaintiff's] non-receipt of the [EEOC right-to-sue] letter was not an event beyond his control").

Plaintiff's arguments that this action is timely or that equitable tolling applies fail to persuade. First, Plaintiff argues that after she notified her former counsel of the change of address, "it would have been Plaintiff's former counsel's responsibility to notify the EEOC of a change of address." (Opp'n at 6.) Plaintiff cites no authority for her effort to shift the blame to her former attorneys, which is not surprising, because

"the Second Circuit has refused to apply equitable tolling in cases of ordinary attorney neglect." Semper v. New York Methodist Hosp., 786 F. Supp. 2d 566, 579 (E.D.N.Y. 2011) (citing South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994)); see also Keyse v. California Texas Oil Corp., 590 F.2d 45, 47 (2d Cir. 1978) (holding equitable tolling of the filing time is inappropriate where the plaintiff was represented by counsel during the period in which she was statutorily required to file charges with the EEOC, notwithstanding the plaintiff's allegations that she was given incorrect information by both an EEOC employee and her own counsel).  Further, the relevant regulation, which has been in place for more than forty years, explicitly states that it is the "person claiming to be aggrieved" who "has the responsibility to provide the [EEOC] with notice of any change in contact information." 29 C.F.R. § 1601.7.  In fact, on analogous facts, the First Circuit affirmed a district court decision rejecting the application of equitable tolling where the plaintiff argued that he satisfied his obligation to update his address when he provided his updated address to the state administrative agency handling his complaint, and the agency failed to forward this updated address to the EEOC, resulting in his bringing an untimely Title VII action. Abraham, 553 F.3d at 120-21; see also Ball v. Abbott Advertising, Inc., 864 F.2d 419, 421 (6th Cir. 1988) (holding that even if a plaintiff notifies the state agency of his or her change

of address, this does not constitute notice to the EEOC). Similarly, here, the fact that Plaintiff notified her former attorney of the change of address did not constitute notice to the EEOC.

Second, Plaintiff points out that the "record is silent whether Plaintiff's counsel notified the EEOC of her change of address," and thus "Defendants are unable to establish that Plaintiff's former counsel failed to inform the EEOC of [Plaintiff's] change of address." (Opp'n at 7.) For reasons already stated, this fact is immaterial; it was Plaintiff's responsibility to update her address with the EEOC. In any event, Plaintiff bears the burden of demonstrating that equitable tolling is appropriate. Boos, 201 F.3d at 185. Accordingly, at this stage, Plaintiff cannot carry her burden that "rare and exceptional circumstances" warrant application of that doctrine by pointing to the absence of evidence in the record. See, e.g., Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985) (placing the burden of showing "extraordinary" circumstances justifying equitable tolling of a time bar in an employment discrimination suit on the employee-plaintiff).[2]

_____

[2] Plaintiff also contends that the EEOC's failure to serve the right-to-sue letter on her former counsel justifies the application of equitable tolling. It is true that equitable tolling applies to mailing complications where "the EEOC, not plaintiff, was derelict in its duties." Semper, 786 F. Supp. 2d at 578 (quoting Jacobs v. SUNY at Buffalo Sch. of Medicine, 204 F.

Last, the February 15, 2019 letter from the EEOC did not restart the clock for statute-of-limitations purposes. As Defendants correctly argue, Plaintiff "cannot claim that [her] right to sue was revived simply by the issuance of the subsequent right-to-sue letters issued at [her] request." Rosquist v. N.Y. Univ. Med. Ctr., No. 97-CV-8566, 1998 WL 702295, at *6 (S.D.N.Y. Oct. 7, 1998), aff'd, 199 F.3d 1323 (2d Cir. 1999), cited by Reply at 2.

Accordingly, Defendants' motion for summary judgment as to Plaintiff's ADA claims is GRANTED.

B.   The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's NYSHRL Claims

Although the Court is dismissing Plaintiff's ADA federal-question claims, the Court may have supplemental jurisdiction over non-federal law claims under the NYSHRL if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In these circumstances, the Court may, at its

---

Supp. 2d 586, 592 (W.D.N.Y. 2002)). But here, the EEOC mailed the right-to-sue letter to the address Plaintiff provided, and while it came back undeliverable, it "is unreasonable to expect the EEOC to pore over its files, and those of state administrative agencies, in an effort to ascertain which of the addresses contained therein is correct." St. Louis v. Alverno Coll., 744 F.2d at 1317-18. Thus, it cannot be said that the EEOC neglected its obligations here.

discretion, nonetheless "decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c)(3).

In deciding whether to exercise supplemental jurisdiction, a district court should balance the "values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." Delaney v. Bank of America Corp., 766 F.3d 163, 170 (2d Cir. 2014). Here, having dismissed Plaintiff's federal claims, the Court finds the factors of economy, convenience, fairness, and comity do not support the exercise of supplemental jurisdiction over Plaintiff's NYSHRL claims. See Carmichael v. Morrison Mgmt. Specialists, No. 13-CV-0692, 2014 WL 1270042, at *6 (W.D.N.Y. Mar. 26, 2014).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the stated reasons, Defendants' motion for summary judgment (ECF No. 35) is GRANTED, with Plaintiff's ADA claims being DISMISSED, and her NYSHRL claims being DISMISSED WITHOUT PREJUDICE.  The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

**SO ORDERED.**


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March _24_, 2022
       Central Islip, New York

14